**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ANTONIA BEY,                                       )
                                                   )
                   Plaintiff,                      )
                                                   )
         vs.                                       )          No. 4:24-cv-01336-MTS
                                                   )
MYSTERIA LLC, *et al.*,                            )
                                                   )
                   Defendants.                     )

## <u>MEMORANDUM AND ORDER</u>

Self-represented Plaintiff Antonia Bey brought this civil action to recover damages from defendants Mysteria LLC, GreenEngine LLC, and First National Bank of Waterloo IL, alleging defendants were involved in a state court suit against him which asserted false claims. Doc. [1]. Now before the Court is Plaintiff "Application to Proceed in District Court without Prepaying Fees or Costs"—his second in this matter. Doc. [5]. The Court denied Plaintiff's first request because it was not drafted on a Court form, and it did not contain the required financial information needed for the Court to assess whether *in forma pauperis* status should be granted. *See* Doc. [4]. In response to that denial, Plaintiff has now filed a new Application on a Court-provided form, as directed by the Court. Doc. [5]. For the reasons discussed below, the Application will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). However, because the Court finds that Plaintiff has failed to meet his burden of establishing a basis for subject matter jurisdiction over this matter, the case will be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

### Application to Proceed Without Prepayment

Based on the financial information provided on his new Application, Plaintiff is unemployed, has no income, and has no cash on hand. *Id.* at 1-2. In response to the Application's

question about assets owned, Plaintiff states: "Rights to land surveyed and describe as 2837 Texas Ave Saint Louis Mo 63118, estimated value $600,000." *Id.* at 2. However, publicly available records (including this Court's own records) indicate that this real property is owned by named defendant GreenEngine LLC.[1] *Id.* at 2. Finally, Plaintiff's Application designates that he has a financial obligation of "$6000" in child support, but he appears delinquent on this obligation, because he admits that he has been providing "[o]nly non monetary support for about the last 12 months or so," including "mental, [] spiritual support, [and] education on the use of dictionaries." *Id.*

Based on the financial information provided, the Court finds that Plaintiff is unable to pay the filing fee for this matter. Therefore, the Court will grant Plaintiff's Application and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1).

## Subject Matter Jurisdiction

### I.     Background

Plaintiff filed this civil suit on October 4, 2024, seeking to recover damages after Plaintiff was allegedly sued in state court under false pretenses, resulting in financial, reputational, and emotional harm. Doc. [1]. Plaintiff attached a docket sheet from the state court matter at issue to his Complaint. *See* Doc. [1-1]. Based on an independent review of the case on Missouri Case.net, the State of Missouri's online docketing system, the state court case at issue was filed by defendant Mysteria LLC, as Plaintiff's landlord, seeking unpaid rent from Plaintiff, based on their lease agreement of the property located at "2837 Texas Avenue – A, St. Louis, MO 63118." *Mysteria*

---

[1] Online real property records from the City of St. Louis's Assessor Office states that the owner of '2837 Texas Avenue' is "Green Engine LLC." *See St. Louis-MO.gov Address and Property Search*, https://www.stlouis-mo.gov/data/address-search/index.cfm? (last visited Jan. 27, 2025). Furthermore, Plaintiff Antonia Bey filed a civil action in this Court in April 2024 wherein he stated that he entered into a "12-month lease agreement on 09/10/2023 . . . for the use of real property commonly described as 2837 Texas Ave A Saint Louis, MO 63118." *Bey v. Mantese*, 4:24-cv-00517-MTS, Doc. [1] at 1 (E.D. Mo. filed Apr. 8, 2024). That case was dismissed for lack of subject matter jurisdiction on April 12, 2024. *Id.* at Doc. [7].

*LLC v. Bey*, No. 2322-AC15067 (22nd Jud. Cir. filed Nov. 28, 2023). Plaintiff was served with summons at this same Texas Avenue address in Missouri. Eventually, the case was dismissed by Mysteria LLC in January 2024. However, even after the case's dismissal, Plaintiff continued to file documents in the closed matter. On November 12, 2024, over a month after this case was filed, Plaintiff filed a document in the state court matter which indicated his address was still on Texas Avenue in Missouri.

## II.   Discussion

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). According to Plaintiff's Complaint, this Court has jurisdiction over this matter based on both federal question jurisdiction and diversity jurisdiction. Doc. [1] at 3-4.

First, federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Here, Plaintiff's Complaint states the bases for federal question jurisdiction as: "Greenville

Treaty 1795,[2] Osage Treaty 1825,[3] Commerce Clause (Article I, Section 8, Clause 3),[4] [and] 25 USC 177."[5]  Doc. [1] at 3.  However, the face of the Complaint indicates no federal question jurisdiction over this matter under any of these listed legal bases.  Plaintiff's unsubstantiated documents stating that he is the chief of a Native American tribe, do not invoke federal question jurisdiction alone.  Based on the state court documents filed by Plaintiff, the state court matter at issue here was between Plaintiff, as a tenant, and defendant Mysteria LLC, as a landlord.  *See* Doc. [1-2].  Mysteria LLC sued Plaintiff for unpaid rent and Plaintiff claims that the suit was based on a "false claim."  Doc. [1] at 5.  There is no Native American tribal issue here, nor an issue invoking the Commerce Clause.  As such, the Court finds no basis for federal question jurisdiction over this matter.

Second, the Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000.  *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states.  *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  A district court's conclusion as to citizenship for purposes of federal

---

[2] The Greenville Treaty was executed on August 3, 1795, between the United States and twelve (12) Native American tribes with the purpose of settling controversies between the parties and establishing a general boundary line between lands owned by each party.  *See Miami Tribe of Okl. v. United States*, 175 F. Supp. 926, 930 (Ct. Cl. 1959).  The boundary at issue was located in the area of the states of Ohio, Indiana, and Kentucky.  *Id.*

[3] The treaty with the Great and Little Osage tribes, executed on June 2, 1825, established title to certain tracts of land located in the state of Kansas.  *See Leavenworth, L. & G.R. Co. v. United States*, 92 U.S. 733, 735 (1875).

[4] This cited section of the U.S. Constitution states that Congress shall have certain enumerated powers including the power "[t]o regulate commerce with foreign nations, and among the several states, and with the Indian tribes."  U.S. Const. art. 1, § 8, cl. 3.

[5] 25 U.S.C. § 177 is referred to as the Indian Non-Intercourse Act.  It pertains to the purchase or grant of lands from Native American Indian tribes and specifies that such a purchase, grant, lease, or other conveyance of such land must be done through a treaty or convention.  *See Carcieri v. Salazar*, 555 U.S. 379, 384 (2009).

diversity jurisdiction is a mixed question of law and fact. *Id.* To determine a plaintiff's citizenship, the Court looks to plaintiff's place of domicile, or where he resides. When there is debate as to domicile, the Court looks to whether plaintiff is present in the purported state of domicile and his intention to remain there indefinitely. *See id.*

In this case, Plaintiff's Complaint lists his state of citizenship as "Cashbox Trust Tribe" and defendant Mysteria LLC as a Missouri corporation. *Id.* at 3-4. In a different section of the Complaint, Plaintiff states his mailing address as being in the state of West Virginia. *Id.* at 2; *see also* Doc. [1-2] at 1. Attachments to the Complaint list various addresses for Plaintiff including: (1) an address in Missouri, Doc. [1-2] at 28 ("2837 Texas Ave #A Saint Louis, MO); (2) an address which appears to be combination of the Missouri and West Virginia addresses, *id.* at 1 (letter addressed to "Chief Eagle Eye … aka Antonia Bey" with an address listed as "2837 Texas Ave Saint Louis Indian Country, WV USA 63118"); and (3) a photocopy of Plaintiff's driver's license issued by the state of Georgia, *id.* at 2. In addition, as stated above, Plaintiff filed documents in state court as recently as November 12, 2024, listing his address as being on Texas Avenue in St. Louis, Missouri. Finally, Plaintiff's two supplemental filings, submitted in November and December 2024, list his address as being on Texas Avenue in St. Louis, Missouri. *See* Doc. [6-1] at 1 (stating: "This agreement serves as formal notice to the Eastern District Court of Missouri that **Antonia Bey's mail shall be directed to 2837 Texas Ave, J St. Louis, MO 63118 for correspondence**" (emphasis in original)); Doc. [7] at 4, 6, 7-8, & 10 (proposed summonses which list Plaintiff's address, and that of the "Cashbox Trust," as being on Texas Avenue in St. Louis, Missouri). Based on the information before the Court, Plaintiff resides in St. Louis, Missouri. As such, Plaintiff has failed to meet his burden of establishing diversity of citizenship because both he and defendant Mysteria LLC are citizens of Missouri.

5

For these reasons, the Court finds no basis for federal subject matter jurisdiction over this matter, and therefore, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (threshold requirement in every federal case is jurisdiction); *4:20 Commc'ns, Ins. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003) (party invoking federal jurisdiction has burden to establish jurisdictional requirements); *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971) ("[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [5], is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for want of a showing of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

A separate Order of Dismissal will be entered this same date.

Dated this 4th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE